UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Case # 18-CR-6110-FPG

v.

ORDER

MAXIMILLIAN SAMS,

Defendant.

## DISCUSSION

On March 6, 2019, this Court entered judgment against Defendant Maximillian Sams based on his plea to one count of drug conspiracy. ECF No. 79. In a letter dated September 29, 2019, Defendant, acting *pro se*, requests an extension of time to file a notice of appeal. ECF No. 83. He alleges that he timely asked defense counsel to file an appeal, but that counsel failed to do so. *Id.* 1-2.

Defendant's request for an extension is denied. "In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after" entry of judgment. Fed. R. App. P. 4(b)(1)(A)(i). The Rules allow for an extension of time if the defendant shows "excusable neglect or good cause," but the maximum extension permitted is "30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed. R. App. P. 4(b)(4); *see United States v. Vilar*, 645 F.3d 543, 547 (2d Cir. 2011). "After the 14-day filing deadline and any extensions authorized by Rule 4(b), [the Second Circuit] can no longer take appellate jurisdiction over an appeal." *Vilar*, 645 F.3d at 547. Here, Defendant did not request to extend his appeal until September 29, 2019—more than six months after judgment was entered. Thus, even if he could show excusable neglect or good cause, the Court does not have the authority to grant his motion. *See United States v. Lasko*, No. 03-CR-210, 2008 WL 189930, at *1 (N.D.N.Y. Jan. 18, 2008) (collecting cases).

1

Nevertheless, Defendant may alternatively bring his claim under 28 U.S.C. § 2255 for ineffective assistance of counsel. "A lawyer who disregards a defendant's specific instruction to file a notice of appeal acts in a manner that is professionally unreasonable." *Harper v. United States*, No. 15-CV-4530, 2018 WL 2172666, at *3 (E.D.N.Y. May 9, 2018). Furthermore, "[w]here counsel's error leads to the forfeiture of a proceeding itself, prejudice will be presumed." *Id.* (internal quotation marks omitted). Construing it liberally, the Court will treat Defendant's submission as a motion to vacate under § 2255. *See United States v. Mitchell*, 749 F. App'x 79, 80 (2d Cir. 2019) (summary order).

## CONCLUSION

Accordingly, the Clerk of Court is directed to treat Defendant's submission (ECF No. 83) as a motion to vacate under § 2255, open a civil case for purposes of the motion, and revise the docket text to reflect that it is a motion to vacate.

Defendant's request to proceed *in forma pauperis* is DENIED AS MOOT, as he is not required to pay any filing fee to bring his motion. *See Chen v. United States*, No. 13-CV-3903, 2016 WL 5874989, at *1 n.1 (E.D.N.Y. Oct. 7, 2016). His request for appointment of counsel is DENIED WITHOUT PREJUDICE. At this early stage, it is unclear whether the applicable factors weigh in favor of appointment of counsel. *See United States v. Phillips*, No. 05-CR-12, 2007 WL 3143317, at *1 (D. Vt. Oct. 24, 2007) (listing factors). Once the government answers, Defendant may renew his motion to appoint counsel.

The government must file and serve an answer to the motion to vacate by January 3, 2020. The Answer must respond to the allegations in the motion and state whether Defendant used any other available federal remedies including prior post-conviction motions under these rules or those existing before the adoption of the present rules. The government must also file and serve by

January 3, 2020 a memorandum of law addressing each issue raised in the motions with citations to relevant supporting authority.  Within 20 days after he receives the Answer, Defendant may file a written reply to the Answer and memorandum of law.

Within 20 days of the date this Order is filed with the Clerk of Court, the government may file a motion for a more definite statement or a motion to dismiss the motion with appropriate exhibits that demonstrate that an answer to the motion is unnecessary.  The timely filing of such motion will extend the time to answer by 14 days, but if the Court does not resolve the motion within that time it does not further extend the time to answer.

The Clerk of Court will serve a copy of the motion and this Order upon the United States Attorney for the Western District of New York, 100 State Street, Rochester, New York 14614.  All docketing for this action will occur in the present criminal action (18-CR-6110).  Defendant must forward a copy of all future papers and correspondence to the United States Attorney.

IT IS SO ORDERED.

Dated: November 15, 2019
        Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court