UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MAXIMILLIAN SAMS,

        Movant

  -v-                                        19-CV-6851 FPG
                                                18-CR-6110 FPG
UNITED STATES OF AMERICA,          ORDER

        Respondent.
_____

## INTRODUCTION

Maximillian Sams ("Movant"), proceeding *pro se*, has filed a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 ("Motion"). For the reasons set forth below, the Motion is DENIED in all respects.

## BACKGROUND

On July 31, 2018, Movant appeared before this Court to enter a guilty plea on a one-count Information charging him with conspiracy to manufacture, possess with intent to distribute, and distribute, 100 grams or more of a fentanyl analogue, in violation of 21 U.S.C. § 846. Docket Items 89, 92-1, Ex. 1. Pursuant to the plea agreement and based on a total offense level of 39 and a criminal history category I, the Sentencing Guidelines range was a term of imprisonment of 262 to 327 months. Docket Item 92-1, pp. 7-9. The agreement also included a cooperation provision through which Movant could potentially obtain a lower sentence if he provided substantial assistance to the government, as well as a waiver of appeal if the Court sentenced Movant to a term of imprisonment within or less than the Sentencing Guidelines range. *Id*. at pp. 11-16.

1

During the extensive colloquy, the Court confirmed that Movant understood he was waiving his right to appeal his sentence. Docket Item 89, pp. 23, 33. Movant then executed the plea agreement in open court. *Id*. at p. 24. The Court found the plea was, in all respects, knowing and voluntary and concluded the proceeding by accepting Movant's guilty plea. *Id*. at pp. 33-34. On March 1, 2019, Movant appeared for sentencing. The Court then made the requisite findings under 18 U.S.C. § 3553(a) and granted a two-level downward departure under Sentencing Guidelines § 5K1.1 for Movant's substantial assistance to the government, reducing the Sentencing Guidelines range to 210 to 262 months imprisonment. Docket Item 90, p. 38. The Court then sentenced Movant to term of 210 months imprisonment. *Id*. at p. 39. The Court again informed Movant that, because the sentence imposed was in accordance with the plea agreement, Movant waived his right to appeal the sentence. *Id*. at p. 42.

On November 12, 2019, Movant filed a *pro se* Motion for Leave for Extension to Time to File a Delayed Notice of Appeal and Motion to Appoint Counsel, alleging that he specifically asked his attorney, Bryan S. Oathout, to file a notice of appeal, but he failed to do so. Docket Item 83. The Court denied the request for an extension of time and liberally construed the pleading as a Motion to Vacate Sentence under 28 U.S.C. § 2255 for ineffective assistance of counsel. Docket Item 84. In response, the Government has submitted a sworn affidavit from Mr. Oathout addressing Movant's allegation that he asked Mr. Oathout to file a notice of appeal, Docket Item 88, and otherwise argues Movant's ineffective assistance of counsel claim lacks merit, Docket Item 92.

## DISCUSSION

Section 2255 authorizes a federal prisoner to challenge the legality of his sentence on the ground that the sentencing court "was without jurisdiction to impose [the] sentence" or that the

sentence itself "was imposed in violation of the Constitution or laws of the United States," was "in excess of the maximum authorized by law," or is "otherwise subject to collateral attack." 28 U.S.C. § 2255. The Court can dismiss a Section 2255 proceeding without conducting a hearing if the motion and the record "conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255(b).

If the motion and record reveal that the movant may be entitled to some form of relief, this Court must hold an evidentiary hearing on the potentially meritorious arguments. *See Ciak v. United States*, 59 F.3d 296, 297 (2d Cir. 1995). The Court may, however, in its discretion and in the interests of judicial economy, expand the record to include affidavits or other written submissions to decide disputed facts. *See Campusano v. United States*, 442 F.3d 770, 776 (2d Cir. 2006) (citing *Chang v. United States,* 250 F.3d 79, 86 (2d Cir. 2001)); *Florez v. United States*, No. CV-00-5073(DGT), 2007 WL 162764, at *4 (E.D.N.Y. Jan. 18, 2007) ("The determinative issue is whether or not [the § 2255 petitioner] directed [his lawyer] to file a notice of appeal. A review of the papers submitted by the parties, including a detailed affidavit from [the lawyer], are sufficient to decide this issue; a full testimonial hearing is unnecessary.").

In order to make a successful ineffective assistance of counsel claim, a movant faces a "difficult two part test," *DeLuca v. Lord*, 77 F.3d 578, 584 (2d Cir. 1996), demonstrating (1) that counsel's performance was deficient as measured against "an objective standard of reasonableness . . . under prevailing professional norms," and (2) that counsel's deficient performance was prejudicial to his case. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

Liberally construed, Movant argues that Mr. Oathout provided ineffective assistance of counsel based on his alleged failure to file a notice of appeal at Movant's request. Movant alleges that he "specifically requested and instructed" Mr. Oathout to file a notice of appeal and that he

failed to do so.  Docket Item 83, pp. 1-2.  In *Flores–Ortega*, the Supreme Court held that a lawyer who disregards a client's instruction to file a notice of appeal "acts in a manner that is professionally unreasonable," and that prejudice is presumed where counsel's error leads to "the forfeiture of a proceeding itself."  528 U.S 470, 483–84 (2000).  The Second Circuit has held "that where counsel does not file a requested notice of appeal and fails to file an adequate *Anders* brief, courts may not dismiss the hypothetical appeal as frivolous on collateral review" even where a defendant waived the right to appeal in a plea agreement.  *Campusano*, 442 F.3d at 777.

Mr. Oathout's affidavit states that, prior to Movant's decision to plead guilty, the two discussed the plea agreement including that it contained a waiver of appeal.  Docket Item 88, p. 2.  Specifically, he states

> During my representation of Mr. Sams, he and I discussed his ability to appeal should the matter proceed to trial on more than one occasion.  We discussed the fact that, should Mr. Sams proceed to trial, and was found guilty, that he would be able to appeal his sentence and any issues that came up during his trial and sentencing.
>
> Mr. Sams ultimately decided to plead guilty instead of pursuing a trial on the charges.  Prior to pleading guilty, Mr. Sams and I discussed the plea agreement.  We discussed the waiver of appeal contained in Mr. Sams' proposed plea agreement.  We further discussed the fact that in pleading guilty with the proposed plea agreement, that Mr. Sams' ability to appeal would be waived per the agreement.  Mr. Sams indicated that he understood this during our discussion.

*Id*. at pp. 1-2.  Mr. Oathout concludes: "Mr. Sams did not indicate to me he would like me to file a Notice of Appeal after his sentencing."  *Id*. at p. 2.

The Court, in its discretion, considers the affidavit in lieu of conducting a "full-blown testimonial hearing" as to whether Mr. Oathout ineffectively represented Movant.  *Chang*, 250 F.3d at 86.  Given Mr. Oathout's status as an officer of the Court and his sworn statement, the Court finds that Movant has not demonstrated to a reasonable probability that Mr. Oathout's conduct deprived him of an appeal he otherwise would have taken.

It should be noted that Movant does not otherwise challenge the validity of his plea. Indeed, Movant does not contest that he knowingly, intelligently and voluntarily entered the guilty plea, and the Court made a specific finding on the record at the plea hearing, that the plea was entered knowingly and voluntarily. Docket Items 83, 89, pp. 33-34. While Movant says that the plea agreement "specifically states that he can appeal his sentence," Docket Item 83, p. 1, this assertion is plainly contradicted by the record. The plea agreement states that Movant "knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release." Docket Item 92-1, p. 11.

Additionally, during the plea colloquy, and prior to executing the plea agreement in open court, Movant stated that there was nothing in the agreement that he did not understand. Docket Item 89, p. 23. The Court confirmed with Movant that, by entering his plea, Movant was "limiting your right to appeal the sentence in this case if, in fact the Court imposed a sentence in accordance with the guidelines here of 262 to 327 months or less, do you understand you're waiving or giving up your right to appeal that sentence?" *Id*. Movant responded in the affirmative. *Id*. After sentencing Movant to term of 210 months imprisonment, the Court again notified Movant of his right to appeal: "In this case the Court did impose a sentence in accordance with the plea agreement. Therefore, you waived your right to appeal the sentence." Docket Item 90, p. 42.

For all these reasons, the Petition is denied in its entirety.

## CONCLUSION

For the foregoing reasons, the Motion to Vacate Sentence, Docket Item 83, is DENIED. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a

5

certificate of appealability is DENIED.  The Clerk of Court is directed to close case number 19-CV-6851.

    IT IS SO ORDERED.

Dated: July 28, 2020
       Rochester, New York

                                        _____
                                        HON. FRANK P. GERACI, JR.
                                        Chief Judge
                                        United States District Court